UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

98 JUL -1 AM 10: 30

SIGN ___NL___
RICHARD T. MARTIN
CLERK

DESSIE UNDERWOOD; ANTHONY
UNDERWOOD; REGINA CAIN; AND
TYRONZA MCCRAY, ON BEHALF OF
HER MINOR CHILD, ANTHONY
UNDERWOOD, JR.

VERSUS

CIVIL ACTION

NO. 98-597-A-M2

TOWN OF JACKSON; WILLIAM
"BILL" THOMAS; AND BECKI DOUSAY
HAMP GUILLORY, PRENTISS BELLUE, III,
PAUL PREWITT AND ROBERT SANDERS,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER TITLE 42, SECTION 1983, UNITED STATES CODE AND THE 14TH AMENDMENT AND FOR DAMAGES

I.

This action arises under Section 1983, Title 42 of the United States Code; Section 1981, Title 42 of the United States Code; Section 2201, Title 28 of the United States Code; and Amendment 14 of the Constitution of the United States of America.

II.

Petitioners also invoke this Court's pendent jurisdiction over their claims pursuant to the laws of the State of Louisiana. More specifically, petitioners allege that the defendants have violated their rights guaranteed by the

Se, Summons



DATE: 07/01/98     DEPUTY CLERK: BP

Declaration of Rights in Article I of the Constitution of the State of Louisiana. Petitioners allege further that the defendants are liable to them for false arrest, false imprisonment, use of excessive force during an unlawful arrest, conspiracy to violate their civil rights, defamation of character, filing of false police incident reports, and perjury, all under the provisions of LSA-Civil Code, Article 2315, and in violation of the Constitution of the State of Louisiana, and in particular, Article I, Section 2 - Due Process of Law; Section 2(H) - Unenumerated Rights; Section 3 - Right to Individual Dignity; and Section 20 - Right to Humane Treatment.

III.

Petitioners are domiciled in East Feliciana Parish, State of Louisiana and, at all times relevant to the allegations of this Complaint, were residents of East Feliciana Parish and citizens of the United States of America.

IV.

MADE DEFENDANTS ARE:

1. THE TOWN OF JACKSON, a municipality located in East Feliciana Parish, P.O. Box 1150, 1610 Charter Street, State of Louisiana;

2. WILLIAM "BILL" THOMAS, Chief of Police, Town of Jackson, State of Louisiana;

3. BECKI DOUSAY, HAMP GUILLORY, PRENTISS BELLUE, III, PAUL PREWITT and ROBERT SANDERS, policy officers of the Town of Jackson, State of Louisiana, individually and in the official capacities.

V.

At all times relevant to these proceedings William "Bill" Thomas (hereinafter Thomas) was the duly elected Police Chief of the Town of Jackson and as such was responsible for law enforcement practices, rules, regulations and conduct, including the investigation of alleged criminal activity

and the apprehension of criminal suspects. At all times relevant to these proceedings, he was acting in said capacity and also as an employee, agent, servant and/or representative of the Town of Jackson.

VI.

At all times, relevant to those proceedings, Becki Dousay, Hamp Guillory, Prentiss Bellue, III, Paul Prewitt and Robert Sanders (hereinafter respectively Dousay, Guillory, Bellue, Prewitt and Sanders) were employed by the Town of Jackson as law enforcement and police officers and took all of the actions complained of by plaintiffs during the course and scope of their employment.

VII.

At all times relevant to these proceedings, the defendants were acting, under the color of law of the State of Louisiana and the Town of Jackson and pursuant to their respective authority as agents, servants and/or employees.

VIII.

Petitioner Dessie Underwood (hereinafter D. Underwood) alleges that on July 11, 1997 she was stopped by Dousay at the intersection of College and Sycamore Streets for allegedly driving 38 mph in a 25 mph zone.

IX.

After D. Underwood presented her driver's license, registration papers and proof of insurance card to Dousay, she signed the traffic citation, got into her automobile ad proceeded to drive to her home.

X.

Sometime shortly thereafter Dousay, Guillory, Bellue, Prewitt and Sanders appeared at her home, physically attempted to knock down her front and with extreme and excessive force placed her under arrest, without telling her what she was being arrested for.

XI.

During the course of the violent arrest being made, Anthony Underwood (hereinafter A. Underwood) attempted to rescue his mother, D. Underwood, from the unprovoked assault by Doursay, Guillory, Bellue, Prewitt and Sanders. As a result of his actions, A. Underwood was arrested and charged with Resisting an Officer and Battery of an Officer.

XII.

Sometime after the violent altercation had subsided, Regina Cain (hereinafter Cain) was also arrested and charged with Resisting an Officer and Battery of an Officer.

XIII.

During the course of the struggle and altercation taking place inside of D. Underwood's home, Anthony Underwood, Jr., a minor child, was physically knocked from his mother, Tyronza McCray's (hereinafter McCray) arms causing him to strike his head on the floor and suffer personal injuries.

XIV.

Subsequent to these events, Dousay, Guillory, Bellue, Prewitt and Sanders all met and/or conspired together to assist Dousay in writing a false and misleading initial offense report.

XV.

These false offense reports and other supplemental police reports, also containing false information were transmitted to the District Attorney's Office for the Parish of East Feliciana. As a result of this, formal criminal charges were lodged against D. Underwood, A. Underwood and Regina Cain.

XVI.

On November 17, 1997, A. Underwood was tried and found guilty of the charge of Battery of a Police Officer and sentenced to serve fifteen (15) days in the East Feliciana Parish Prison.

XVII.

At the trial of A. Underwood, Dousay, Guillory, Bellue, Prewit and Sanders testified on behalf of the prosecution and gave perjured testimony to the Court concerning the acts and conduct of the defendant, A. Underwood, D. Underwood and Cain.

XVIII.

On February 2, 1998 D. Underwood and Cain were scheduled to be tried. After the State of Louisiana reduced the charges to misdemeanors, they entered "best interest" pleas of guilty to these charges.

XIX.

On March 2, 1998, D. Underwood was sentenced to fifteen (15) days in East Feliciana Parish Prison; a $300.00 fine plus costs of court; $25.00 per month probation supervision fee; 100 days incarceration in East Feliciana Parish Prison (suspended); and placed on one (1) year of supervised probation.

XX.

On March 2, 1998 Cain was sentenced to thirty - five (35) days in East Feliciana Parish Prison; a $500.00 fine plus costs of court; $35.00 per month probation supervision fee; 100 days incarceration in East Feliciana Parish Prison (suspended); and placed on two (2) years supervised probation.

XXI.

D. Underwood alleges that on July 11, 1997 when she was stopped by Dousay, she complied promptly and completely with all orders, instructions and requests that she was given by Dousay.

XXII.

At no time, during this events did she commit any unlawful, illegal nor disrespectful act toward Dousay nor did she disobey or refuse any order or request made to her by Dousay.

XXIII.

That when she was confronted at her home by Dousay, Guillory, Bellue, Prewitt and Sanders she agreed to go to the parish jail with them. However she was physically grabbed by Dousay and wrestled to the floor, thus initiating the altercation cited above.

XXIV.

A. Underwood states that, at no time during the altercation occurring in D. Underwood's home, did he ever commit a battery on any Police Officer nor did he resist any lawful arrest or order of a Police Officer.

XXV.

A. Underwood states that he did attempt to pull a police officer, believed to be Guillory, off his mother, D. Underwood, who was being physically abused at the time.

XXVI.

Cain alleges that on July 11, 1997, she was present at the home of D. Underwood when the altercation took place but denies that she took any part in either committing a Battery on a Police Officer or resisted arrest in any manner.

XXVII.

McCray states that she was present in the home of D. Underwood on July 11, 1997, when Dousay, Guillory, Bellue, Prewitt and Sanders violently and forcefully entered the home and began to physically struggle with D. Underwood.

XXVIII.

During this altercation, for minor child, Anthony Underwood, was physically knocked from her arms onto his head on the floor. That as a result of this fall, her minor child suffered serious bodily injuries, trauma and fright and had to receive medical attention.

XXIX.

Petitioners allege that defendants are indebted to them, severally and in solido in the full and true sum of SIX HUNDRED THIRTY ONE THOUSAND AND NO/100 ($631,000.00) DOLLARS for the following:

| | | |
|---|---|---:|
| (a) | Violation of civil rights | $150,000.,00 |
| (b) | False arrest, false imprisonment and/or malicious prosecution | 225,000.00 |
| (c) | Defamation of character | 75,000.00 |
| (d) | Loss of income and reputation | 75,000.00 |
| (e) | Perjury and abuse of process | 75,000.00 |
| (f) | Attorney fees for criminal representation; fines and court or administrative costs | 12,500.00 |
| (g) | Attorney fees for civil representation and court costs to date | 3,000.00 |
| (h) | Pain, Suffering and Fright | 15,000.00 |
| (i) | Medical Bills | 500.00 |
| | TOTAL DAMAGES | $631,000.00 |

together with legal interest thereon from the date of judicial demand until paid; for all costs of these proceedings and statutory attorney's fees pursuant to the provisions of Title 42, Section 1988 of the United States Code.

XXX.

Petitioners allege further that the Town of Jackson and Thomas know of the existence of the propensity of the named officers to employ excessive force in their official duties and did nothing to curtail or prevent their actions. Therefore they should be, along with the named officers, cast for punitive damages.

XXXI.

Petitioners allege that the actions taken against them by the defendants were racially motivated and/or based on racial animus and/or were specifically and intentionally taken to deprive them of the equal treatment and protection of the law under the 14th Amendment to the Constitution of the United States of America, Title 42, Section 1981 and 1983 of the United States Code, Article I of the Constitution of the State of Louisiana and due process under all applicable laws, statutes and ordinances.

XXXII.

Petitioners allege further that Dousay, Guillory, Bellue, Prewitt and Sanders conspired together to violate their constitutional rights because of the demographical and racial construction of their place of residence and/or neighborhood and have regularly utilized a pattern and practice of the use of excessive force against residents of their neighborhood.

XXXIII.

Petitioners allege that Dousay, Guillory, Bellue, Prewitt and Sanders knowingly and intentionally mis-stated their actions and conduct so that the District Attorney would have to lodge criminal charges against them.

XXXIV.

Also Dousay, Guillory, Bellue, Prewitt and Sanders practiced and/or rehearsed their testimony in preparation for the trials of A. Underwood, D. Underwood and Cain for the express purpose and intention of securing a conviction against them, in violation of their civil rights.

WHEREFORE PETITIONERS PRAY that judgment be rendered herein in their favor and against the defendants, as follows:

1. They are awarded damaes for the violation of their civil rights in the amount of $150,000.00;

2. They are awarded damages for their false arrest, false imprisonment and/or for malicious prosecution in the amount of $225,000.00;

3. They are awarded damages for their defamed character in the amount of $75,000.00;

4. They are awarded damages for the loss of income, employment and reputation in the amount of $75,000.00;

5. They are awarded damages for the defendants' perjury, conspiracy and abuse of process in the amount of $75,000.00;

6. They are awarded damages for fines, court costs, administrative costs and attorney fees in the amount of $12,500.00;

7. They are awarded damages for court costs and attorney fees for the filing of this complaint in the amount of $3,000.00;

8. Tyronza McCray is awarded damages, on behalf of her minor child, Anthony Underwood, Jr., for his pain, suffering and fright in the amount of $15,000.00;

9. They are awarded some reasonable sum punitive damages;

10. They are awarded attorney fees in accordance with the provisions of 42 U.S.C. 1988; and

11. They are awarded legal or judicial interest on all principal amounts awarded herein from the ate of judicial demand until paid and

for all costs of these proceedings.

PETITIONERS REQUEST A TRIAL BY JURY.

BY ATTORNEY:

*[signature]*

BENN HAMILTON
BAR ROLL NO. 6458
2928 FLORIDA BOULEVARD
PO BOX 1582
BATON ROUGE, LOUISIANA 70821
(504) 388-9423
TRIAL ATTORNEY

**SERVICE INFORMATION:**

TOWN OF JACKSON, through
as Mayor, CHARLES COLEMAN
1610 Charter Street
Jackson, LA 70748

WILLIAM "BILL" THOMAS
Chief of Police
1610 Charter Street
Jackson, LA 70748

BECKI DOUSAY, HAMP GUILLORY,
PRENTISS BELLUE, III, PAUL PREWITT
and ROBERT SANDERS, at their
places of employment,
JACKSON POLICE DEPARTMENT
1610 Charter Street
Jackson, LA 70748